1 BINGHAM McCUTCHEN LLP
COLIN WEST (SBN 184095)
2 MARGARET A. McLETCHIE (SBN 223240)
RACHEL L. CHANIN (SBN 229253)
3 SUSAN WELCH (SBN 232620)
Three Embarcadero Center
4 San Francisco, CA  94111-4067
Telephone:  (415) 393-2000
5 Facsimile:  (415) 393-2286

6 Attorneys for Plaintiff KELLI THOMAS

7

8       UNITED STATES DISTRICT COURT

9     FOR THE EASTERN DISTRICT OF CALIFORNIA

10        FRESNO DIVISION

11

12 KELLI THOMAS,      No. 1:06-CV-00215-AWI-SMS

13   Plaintiff,     **STIPULATION AND PROTECTIVE**
           **ORDER**
14 vs.
           Complaint Filed:   February 24, 2006
15 RODERICK HICKMAN, et al.,

16   Defendants.

17

18    ALL PARTIES HEREBY RECOGNIZE AND AGREE that the following

19 procedures shall govern the use and/or disclosure of confidential medical records:

20    1.  Any and all hospital and medical records that have been produced or

21 obtained or disclosed, or will be produced or obtained or disclosed, in connection with the

22 above-entitled litigation shall be designated "Confidential" prior to disclosure and shall be

23 subject to this Protective Order (referred to hereafter as "Confidential Records").  The

24 protections conferred by this Protective Order encompass any information copied or extracted

25 from Confidential Records, as well as all copies, excerpts, summaries, or compilations thereof,

26 including testimony, conversations, or presentations by parties or counsel in any setting,

27 including depositions, that might reveal information contained in any Confidential Records.

28

1        2.    Before any party produces Confidential Records pursuant to a valid

2    discovery request or subpoena, the responding party shall conditionally produce for inspection

3    ("Conditional Production") a copy of the proposed production to all attorneys in this action for a

4    conditional inspection.  If any party contends that redaction is necessary or a portion of the

5    Conditional Production should not be produced, that party must notify all other parties within

6    fifteen (15) days of receipt of the Conditional Production.  If there is no such notification,

7    production of all records may proceed.  For Confidential Records produced prior to the entry of

8    this Protective Order, any party has fifteen (15) days from the Court's entry of this Protective

9    Order to provide such notification.  In the event of such notification, Counsel shall meet and

10   confer in good faith to resolve any disputes regarding the appropriateness of production or

11   redactions of particularly sensitive and/or unrelated medical conditions, diagnosis, or treatments.

12   If the parties cannot agree on the appropriateness for production or redaction of any particular

13   document or portion thereof, the party whose right to privacy is asserted may file a Motion For a

14   Supplemental Protective Order barring production of the disputed Confidential Records. Such a

15   motion shall be filed within five (5) court days of the meet and confer session related to the

16   Conditional Production and disputed Confidential Records shall not be produced until the Court

17   has decided the motion, but Confidential Records not in dispute may be produced.  If no such

18   motion is filed within five (5) court days of the meet and confer session related to the

19   Conditional Production, any disputed Confidential Records may be produced pursuant to the

20   terms of this Protective Order.

21       3.    Without waiving any objections regarding the admissibility of

22   Confidential Records at trial or otherwise in this litigation, Confidential Records shall be treated

23   as confidential and shall not be used by any party for any purpose other than the prosecution or

24   defense of this litigation, including discovery and pre-trial matters, trial, and any appeal taken

25   herein.  Confidential Records shall not be used by any party for any other purposes unless agreed

26   to in writing by all parties to this Protective Order, except as required by a valid discovery

27   request or as required by a lawful subpoena or as authorized by further order of the Court.

28

1         4.     If any party receives a subpoena or order issued in conjunction with other

2 litigation that would compel disclosure of any Confidential Records, the subpoenaed party must

3 notify all other parties in writing immediately.  Such notice may be made by written notice to

4 each party's attorney of record herein and shall provide each party an opportunity to object to the

5 disclosure.  It is the obligation of the party receiving such notice to take action to protect his or

6 her confidentiality interests.

7         5.     Confidential Records may be disclosed for purposes of this litigation to

8 the parties, insurers, attorneys, experts and consultants, and their employees and agents,

9 deponents during deposition, deposition notaries and staff, the Court and Court staff, and such

10 other persons as may be designated by written stipulation or further order of the Court.

11         6.     Before the parties or their attorneys disclose Confidential Records to any

12 person(s) identified in Paragraph 5 above (excluding the parties to this case and their attorneys

13 and staff, the Court, and the Court's staff), they must: (i) inform the person receiving such

14 Confidential Records of its confidential nature and his or her duty to maintain that

15 confidentiality; (ii) obtain his or her oral agreement to abide by the terms of this Protective

16 Order; and (iii) inform him or her that disclosure of records or information in violation of the

17 Protective Order is punishable by the Court.

18         7.     All Confidential Records of any party or third party filed with the Court

19 for any purpose, other than at trial, shall be filed under seal according to the provisions of Local

20 Rule 39-141(c).

21         8.     With the exception of Plaintiff's medical condition placed at issue in this

22 litigation, any reference to, description and/or summary of the information contained in

23 Confidential Records made in pleadings or other documents filed with the Court, except for use

24 at trial, shall be made in general terms and shall not specifically identify or specifically discuss

25 in any way past or present medical conditions, treatment, history or diagnosis.

26         9.     Any Confidential Records may be used by any party at the trial of this

27 action, or in connection with any motion, pleading or hearing in this action, subject to the rules

28 of evidence and the requirements of this Order, or such other Order as the Court may enter.  No

1   document introduced into evidence at the trial of this matter shall bear the designation

2   "Confidential" unless so stipulated by the parties or ordered by the Court.

3         10.   Within ninety (90) days after the final disposition of this action, all copies

4   of Confidential Records shall be destroyed by the party in possession; provided, however, that

5   health care provider parties shall continuously retain possession of his/her/its original documents,

6   and that counsel shall be entitled to preserve a litigation file in this matter, including Confidential

7   Records.  Any Confidential Records so retained remain subject to the terms of this Protective

8   Order, except that counsel shall be entitled to use such Confidential Records in response to or

9   defense of any administrative inquiry or proceeding arising from the above-entitled litigation.

10  DATED: August 30, 2006

11                           BINGHAM MCCUTCHEN LLP

12

13                           By:_____/s/ Dakota S. Whitney_____
                                  Dakota S. Whitney

14                                Attorney for Plaintiff
                                  Kelli Thomas

15

16  DATED: August 30, 2006

17                           BILL LOCKYER
                             Attorney General of the State of California

18

19

20                           By: /s/ Helene D. Swanson as authorized on 8/30/06
                                  THOMAS D. MCCRACKIN

21                                Supervising Deputy Attorney General
                                  HELENE D. SWANSON

22                                Deputy Attorney General
                                  Attorneys for Defendants

23                                Roderick Hickman, Jeanne Woodford, Richard
                                  Rimmer, Roseanne Campbell, Peter Szekrenyi,

24                                Deborah Jacquez, Gwendolyn Mitchell, Sampath
                                  Suryadevara, M.D., Shelly Kruse, M.D., Loraine

25                                Goodwin, M.D.

26

27

28

1  DATED: August 30, 2006

2                                    MCCORMICK, BARSTOW, SHEPPARD,
                                     WAYTE & CARRUTH
3

4                                    By: /s/ Daniel Wainwright as authorized on 8/30/06
                                         MARIO L. BELTRAMO, JR.
5                                        DANIEL WAINWRIGHT
                                         Attorneys for Defendant
6                                        Madera Community Hospital

7

8  DATED: August 30, 2006

9                                    BAKER, MANOCK & JENSEN

10

11                                   By: /s/ Sherrie M. Flynn as authorized on 8/30/06
                                         WILLIAM M. WHITE
12                                       SHERRIE M. FLYNN
                                         Attorneys for Defendant
13                                       Charles Ugwu-Oju, M.D.

14  IT IS SO ORDERED.

15  **Dated:    September 1, 2006**              **/s/ Sandra M. Snyder**
    icido3                          UNITED STATES MAGISTRATE JUDGE
16

17

18

19

20

21

22

23

24

25

26

27

28