# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLI THOMAS, | ) 1:06-cv-00215-AWI-SMS |
| | ) |
| Plaintiff, | ) ORDER GRANTING PLAINTIFF'S |
| | ) COUNSEL'S MOTION TO WITHDRAW ON |
| v. | ) CONDITION THAT COUNSEL REPRESENT |
| | ) DEFENDANT'S INTERESTS AT |
| RODERICK HICKMAN, et al., | ) PLAINTIFF'S DEPOSITION (DOC. 131) |
| | ) |
| Defendants. | ) ORDER DIRECTING THE CLERK TO |
| | ) UPDATE THE DOCKET |
| | ) |

INFORMATIONAL ORDER TO DEFENDANT
LORAINE GOODWIN

Plaintiff is proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-303. Pending before the Court is the motion of the office of the Attorney General, California Department of Justice, and Helene E. Swanson, Deputy Attorney General, to withdraw as counsel of record for Defendant Loraine Goodwin.

On February 22, 2008, counsel for Defendant Loraine Goodwin filed a motion to withdraw as attorney for Defendant Goodwin (Defendant), including a notice of motion and motion, memorandum of points and authorities, appendix of authorities, and declaration of Helene E. Swanson with exhibits. A declaration of

1

1  Julio Hernandez regarding service of the notice of hearing and
2  motion on Defendant Goodwin was filed on February 28, 2008; on
3  March 11, 2008, another declaration of Hernandez was filed that
4  reflected that on February 27, 2008, the Attorney General's
5  office received a return receipt indicating delivery to Defendant
6  Goodwin, but not reflecting a date of delivery. Notice of the
7  rescheduled hearing date was also served on Defendant. The motion
8  to withdraw was served electronically upon counsel for the
9  Plaintiff and for the other Defendants. Despite the passage of
10 the time for filing opposition or any other response, no party
11 has filed opposition or any form of response. By separate order
12 the Court has vacated the hearing on the motion.

13      I. <u>Motion to Withdraw</u>

14      The grounds of the motion are that the client has filed her
15 own motion to dismiss without the knowledge or consent of her
16 counsel and has failed to communicate or cooperate with counsel's
17 office in the defense of the case.

18      Deputy Attorney General Helene Swanson declared that
19 Defendant had agreed on or about April 12, 2006, to have the
20 Attorney General represent her in this case, and the
21 representation had proceeded. On January 14, 2008, Swanson
22 learned via ECF notification from the Court that Defendant had
23 filed a motion to dismiss on her own behalf on January 11, 2008.
24 The Court notes that the motion reflects that Defendant proceeded
25 as "Loraine Goodwin, Attorney in Pro per." (Mot. (Doc. 128) pp.
26 1, 11.)

27      Swanson declared that thereafter she wrote Defendant three
28 times, sending the letters to the address reflected in

2

1  Defendant's recently filed motion to dismiss. Swanson also sought
2  to have Defendant execute a substitution of attorney form and
3  telephoned Defendant seven or eight times without reaching her;
4  Swanson left messages asking for a return call, but Defendant
5  failed to return any telephone calls. Defendant failed to
6  communicate with Swanson or anyone else in her office for over
7  two months; further, Defendant has not cooperated with her
8  defense in over two months.

9      Local Rule 83-182(d) provides that an attorney who has
10 appeared may not withdraw leaving the client in propria persona
11 without leave of Court upon noticed motion and notice to the
12 client and all other parties who have appeared. Further, it
13 requires that the attorney provide an affidavit stating the
14 current or last known address or addresses of the client and the
15 efforts made to notify the client of the motion to withdraw.
16 Here, Defendant's address and telephone numbers are stated in the
17 moving papers.

18     Local Rule 83-182 further states that withdrawal of the
19 attorney is governed by the Rules of Professional Conduct of the
20 State Bar of California, and that the attorney shall conform to
21 the requirements of those Rules.

22     Local Rule 83-182 provides that an attorney may request
23 withdrawal if grounds exist pursuant to the Rules of Professional
24 Conduct of the State Bar of California. Rule of Professional
25 Conduct 3-700(C)(1)(d) permits withdrawal if the client by his or
26 her conduct renders it unreasonably difficult for the member to
27 carry out the employment effectively; Rule 3-700(C)(6) permits
28 withdrawal if the member believes in good faith in a proceeding

3

1  pending before a tribunal that the tribunal will find he

2  existence of good cause for withdrawal. Rule 3-700(A) provides in

3  substance that a member must obtain permission to withdraw if

4  rules of a tribunal require it; a member shall not withdraw from

5  employment until the member has taken reasonable steps to avoid

6  reasonably foreseeable prejudice to the rights of the client,

7  including giving due notice to the client, allowing time for

8  employment of other counsel, promptly releasing papers and

9  property, and complying with applicable laws and rules.

10     Here, Swanson has demonstrated that Defendant has refused to

11  return telephone calls and has purported to file her own motion

12  to dismiss without counsel's knowledge or consent; further,

13  Defendant has failed to communicate or cooperate. Swanson has

14  established a breakdown in the attorney-client relationship and

15  that continued employment has been rendered unreasonably

16  difficult; thus, grounds for withdrawal exist. Swanson has

17  notified the client of the instant motion by leaving a telephone

18  message and by serving the motion on her.

19     Finally, Swanson has provided the address and telephone

20  number of the client.

21     The discovery deadline is May 16, 2008; the deadline for

22  expert designation is June 18, 2008. The non-dispositive and

23  dispositive motion deadlines are in September and October 2008,

24  respectively, and trial is set for January 2009. It is reasonably

25  inferred that Defendant has been aware of the intention of

26  counsel to withdraw for almost two months; Defendant has had

27  ample time to seek counsel or otherwise to prepare to proceed

28  with the case. There is no indication that Defendant has

1   experienced any difficulty with locating other counsel or is
2   otherwise in need of time for preparation to proceed.

3        The Court notes that the deposition of Plaintiff is set for
4   March 18, 2008. Moving counsel states in her declaration that she
5   is willing to agree to reasonable conditions for withdrawal,
6   including an agreement to represent Defendant's interests at
7   Plaintiff's deposition set for March 18, 2008. Local Rule 83-
8   182(d) provides, "Leave to withdraw may be granted subject to
9   such appropriate conditions as the Court deems fit." In view of
10  the short time between these motion proceedings and the scheduled
11  deposition of Plaintiff, withdrawal will be granted on the
12  condition that moving counsel appear and represent the interest
13  of Defendant Loraine Goodwin at the deposition of Plaintiff
14  scheduled to commence on March 18, 2008, unless Defendant Goodwin
15  herself appears at the deposition.

16       Accordingly, the motion to withdraw as attorney for
17  Defendant Goodwin IS GRANTED on condition that the office of the
18  Attorney General of the State of California appear and represent
19  the interest of Defendant Loraine Goodwin at the deposition of
20  Plaintiff scheduled to commence on March 18, 2008, unless
21  Defendant Goodwin herself appears at the deposition.

22       II. Updating the Docket

23       Because the withdrawal of counsel results in Defendant
24  Goodwin's proceeding pro se in this action, the Clerk of Court IS
25  DIRECTED TO UPDATE the docket to reflect Defendant's pro se
26  status; her last known address of 1625 Howard Road Suite 277,
27  Madera, California 93637; and her last known telephone numbers of
28  (559) 674-5377, and (559) 974-2855 (cell).

1  //////

2      III. <u>Informational Order to Defendant</u>

3      **Defendant IS INFORMED that failure to take appropriate legal**
4  **action may result in serious legal consequences, and**
5  **consideration of obtaining legal assistance is strongly advised.**

6      **Defendant IS ADVISED that regardless of whether or not**
7  **Defendant is represented by counsel, Defendant will be expected**
8  **to comply with all the requirements and deadlines stated in the**
9  **Court's scheduling orders, including but not limited to its order**
10 **dated November 29, 2007. Further, Defendant must also comply with**
11 **the pertinent Federal Rules of Civil Procedure. As a party**
12 **appearing in propria persona, Defendant is also required by Local**
13 **Rule 83-183(b) to notify the Clerk and all other parties of any**
14 **change of address or telephone number.**

15     **Defendant IS INFORMED that a failure to comply with an order**
16 **of the Court may result in a recommendation that the action be**
17 **dismissed or in other sanctions. Local Rule 11-110.**

18 IT IS SO ORDERED.

19 **Dated:    March 13, 2008            /s/ Sandra M. Snyder**
                                UNITED STATES MAGISTRATE JUDGE
20