IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLI THOMAS,<br><br>   Plaintiff,<br><br>v.<br><br>RODERICK HICKMAN, et al.,<br><br>   Defendants. | CV F 06-0215 AWI SMS<br><br>MEMORANDUM OPINION AND ORDER DENYING NON-PARTIES' REQUEST FOR RECONSIDERATION BY THE DISTRICT COURT OF MAGISTRATE JUDGE'S RULING.<br><br>(Documents # 120, 121) |

  This case comes before the Court on a request by five non-parties for reconsideration by the District Court of the Magistrate Judge's ruling compelling non-parties to comply with subpoenas for the production of documents.  Non-parties are Deborah L. Patrick, Warden of the Central California Women's Facility ("CCWF"); the Custodian of Records at CCWF; Dr. Peter Farber-Szekrenyi, Director, Division of Correctional Health Care Services at the California Department of Corrections and Rehabilitation ("CDCR"); James E. Tilton, Secretary of CDCR; and the Custodian of Records at CDCR ("Non-parties").  Plaintiff is Kelli Thomas, an inmate at CCWF ("Plaintiff").  CCWF is a facility operated by CDCR.  For the reasons that follow, the request for reconsideration will be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 9, 2006, Plaintiff filed a corrected first amended complaint. Plaintiff claimed that she was unwell and was told by a physician at CCWF, on or around December 15, 2000, that she needed to undergo a cystectomy and have a cone biopsy of her cervix taken. Plaintiff claimed that she made clear that she wished to have children in the future and was assured by the physician that the planned procedure would not affect her reproductive capacity. However, on or about April 5, 2001, Plaintiff claims a team of medical professionals operated on Plaintiff and removed her ovaries, thereby sterilizing her permanently. Plaintiff's complaint brings ten causes of action stemming from her alleged mistreatment against five physicians and the hospital where she was treated.

The complaint names Dr. Sampath Suryadevara, Dr. Shelly Kruse, Dr. Ernest Reeves, Dr. Loraine Goodwin, Dr. Ugwu-Oju and Madera Community Hospital. The complaint includes claims against each of the physicians for negligence, intentional infliction of emotional distress, intentional and negligent misrepresentation, and cruel and unusual punishment under 42 U.S.C. § 1983 and the California constitution. The complaint includes an additional claim against Dr. Ugwu-Ojo for due process violations and an additional claim against Madera Community Hospital for professional negligence.

During discovery, Plaintiff served subpoenas on the Non-parties that brought this request, requiring them to produce documents such as contracts, CDCR and CCWF policies and procedures and documents concerning Plaintiff's medical treatment. On May 3, 2007, after unsuccessful efforts to negotiate with Non-parties, Plaintiff filed a motion to compel Non-parties to produce documents pursuant to subpoenas. On December 6, 2007, Magistrate Judge Snyder issued an order granting Plaintiff's motion to compel Non-parties, overruling all of their objections. On December 20, 2007, Non-parties filed the present request for reconsideration of the Magistrate Judge's ruling by this Court. Plaintiff filed an opposition to the request on January 2, 2008.

Specifically, Non-parties request the Court to reconsider the Magistrate Judge's ruling regarding their immunity and the waiver of that immunity.

## LEGAL STANDARD

Under Local Rule 72-303, a party may file a request for reconsideration of a Magistrate Judge's ruling by a District Judge. The party must serve and file objections to the order within ten days after being served with a copy of the Magistrate Judge's order. Fed. R. Civ. P. 72(a) Such a request for reconsideration is committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." The court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L.R. 72-303(f). As such, the court may only set aside those portions of the Magistrate Judge's order that are either clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); see also Grimes v. City and County of San Francisco, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Rule 72(a)).

## DISCUSSION

In this case, Non-parties request that the Court reconsider the portions of the Magistrate Judge's order which (A) overruled Non-parties' objection to complying with the subpoenas on

3

the grounds of Eleventh Amendment and state sovereign immunity; and (B) concluded that the State of California waived any such immunity.

### A.     Immunity Pursuant to the Eleventh Amendment

#### 1.     Ruling by Magistrate Judge

The Magistrate Judge's ruling rejected the Non-parties' contention that the Eleventh Amendment immunizes them from the subpoenas for two primary reasons.  First, the Magistrate Judge found that the present case does not involve an arm of a state, but rather is a suit against the doctors and medical officer in their individual capacity.  It is established that a suit against state officers in their individual capacity is not deemed an action against a state and thus is not barred by the Eleventh Amendment.  Accordingly, the Magistrate Judge held that <u>Estate of Gonzalez v. Hickman</u>, 466 F.Supp.2d 1226 (E.D. Cal. 2006) (holding CDCR enjoyed Eleventh Amendment immunity), the case upon which Non-parties primarily rely, does not control here.

Second, the Magistrate Judge held that Eleventh Amendment immunity refers to assertions of liability on the part of a state and claims for relief against a state.  This particular dispute involves no such claims of liability or for relief against the state.  This dispute revolves only around Plaintiff's efforts to obtain information from Non-parties.  Those individuals are not asserted to be liable in a manner that would result in a judgment against the state that would be paid out of the state's treasury.  Therefore the Magistrate Judge concluded that service of process to obtain information in this context is not covered by the Eleventh Amendment.

#### 2.     Non-Parties Argument For Reconsideration

Non-parties respond that the Eleventh Amendment proscribes any suit that would compel the government to act, regardless of the relief sought.  Since the documents sought here are the property of the state, Non-parties argue that the real party in interest is the State of California, and ordering California to comply with subpoenas compels it to act and subject itself to the

judicial process, which is precisely what the Eleventh Amendment prohibits. Non-parties emphasize that it makes no difference whether Plaintiff seeks monetary damages or documents from the state.

Lastly, Non-parties argue that the Magistrate Judge incorrectly held that Gonzalez does not apply here. While the Magistrate Judge held that Gonzalez did not apply because this case did not involve an arm of the state, Non-parties respond that the Gonzalez suit did not involve an arm of the state either.

> The Gonzalez suit itself, did not involve an arm of the State, but was a suit against defendants Hickman, Woodford, Hubbard, Dovey and Still sued in their individual capacities, in which damages were sought under 42 U.S.C. §1983. Neither the State of California, nor CDCR were a party to that action. Gonzalez at 1226. However, the third-party subpoenas in Gonzalez were served to the state entity itself (CDCR).
>
> The only difference between Gonzalez and this case, is whom the subpoenas were issued and served. In the present case, the subpoenas were issued to CDCR, but also included a state employee's job title or state employees' name. Simply including a job title or the name of a state employee, who is being served in their official capacity, does not circumvent the Eleventh Amendment or state sovereign immunity.

Non-parties Req. 7. Non-parties maintain that serving a state official in his or her official capacity rather than the state itself does not circumvent the Eleventh Amendment and that the subpoenas in this case were issued to state employees in their official capacities, not in their individual capacities.

### 3.   Analysis

As discussed above, the Magistrate Judge held that Eleventh Amendment immunity refers to assertions of liability on the part of a state and claims for relief against a state. That type of liability is different from the service of subpoenas upon individuals to obtain information, which is at issue here (Jones v. Tozzi, No. CV-F-05-148 OWW-DLB, 2007 WL 1299795 (E.D. Cal. Apr. 30, 2007)). Most importantly, those individuals are not asserted to be liable in a manner that would require the state to pay out any public funds from its treasury. The Supreme Court has emphasized that "the vulnerability of the State's purse [is] the most salient factor in Eleventh Amendment determinations." Hess v. Port Authority Trans-Hudson Corp., 513 U.S. 30, 47

5

(1994).

Non-parties place an inordinate amount of reliance on Gonzalez. The Magistrate Judge distinguished that case from the present one by noting that "the present case involves not an arm of the state, but rather a suit against the doctors and the medical officer in their individual capacities." Non-parties argue that Gonzalez was also a suit against individual defendants. They are correct; neither the State of California nor any of its agencies was named in the underlying action. However, while the Magistrate Judge's language may have been imprecise, the Magistrate Judge's point is still correct. The plaintiff in Gonzalez served subpoenas on the CDCR, an agency of the State of California, and sought the production of documents and the appearances of witnesses from the CDCR (see Gonzalez, 466 F.Supp.2d at 1227 ("Before the Court is Defendants' Motion for Reconsideration of the Magistrate Judge's order compelling the *State of California ('State')* to produce documents pursuant to a federal subpoena.") (emphasis added)), whereas Plaintiff in this case served subpoenas on individuals. Non-parties concede that important distinction. Non-parties Req. 7.

Moreover, the holding in Gonzalez is far from settled law. As Plaintiff points out, the case was first filed in the Central District of California. The Gonzalez decision relied upon by Non-Parties only concerned the subpoenas issued out of the Eastern District; plaintiff also issued subpoenas out of the Central District and served them on various employees at the California State Prison in Lancaster, California. Those subpoenas sought the same documents that were the subject of the plaintiff's earlier subpoena to the CDCR. The Magistrate Judge in that case issued an order granting plaintiffs' motion to compel. The State filed an application for reconsideration of the Magistrate Judge's ruling and the District Judge in the Central District denied it. Estate of Gonzales v. Hickman, No. ED CV 05-660 MMM-RCx, 2007 WL 3231956 (C.D. Cal. Apr. 18, 2007) ("Gonzalez II"). In Gonzalez II, the District Judge commented on Gonzalez that "Judge England [in the Eastern District], in his order granting the State's motion for reconsideration, did not address whether the State enjoys such [Eleventh Amendment subpoena] immunity in the first

6

instance." The District Judge further states that "[s]ubsequent magistrate judges in the Eastern District have questioned this result, and limited the State's subpoena immunity to subpoenas served directly on the state itself rather than on its employees." The Central District Judge refers to Allen v. Woodford, No. CV F-05-1104 OWW-LJO, 2007 WL 309945, *3 (E.D. Cal. Jan. 30, 2007), which states, "[i]n the Eastern District, the 11th Amendment precludes a federal subpoena to the state to obtain documents in support of a § 1983 claim. If this Court adopts the CDCR defendants' position, however, the Eleventh Amendment would also bar discovery through them to the State for the same documents. A Civil Rights plaintiff could, therefore, never obtain discovery in § 1983 actions. This is not a logical inference and the Court declines to adopt such a wholesale preclusion of discovery in Civil Rights cases."

This Court agrees with the comment from Gonzalez II and Allen. The ruling in Gonzalez is neither applicable here based on its set of facts nor is it settled law on the point Non-parties are making. "This court is not bound by Judge England's decision [in Gonzalez] and, in fact, has not followed it." Jones, 2007 WL 1299795 at *4. Non-parties point to no other binding authority that holds that non-party employees of the state enjoy Eleventh Amendment immunity from federal subpoenas served upon them as individuals.

As explained above, a District Court only reviews discovery orders issued by a Magistrate Judge for clear error or to determine whether they are contrary to law. A reviewing court may not substitute its judgment for that of the deciding court. Rivera v. Nibco, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004). The Magistrate Judge's ruling on this matter is neither erroneous nor contrary to law and, as such, the Non-parties' request for reconsideration on this point is denied.

### B.  Waiver of Immunity

One of the defendants in the underlying action, Dr. Ernest Reeves, produced 112 documents from Plaintiff's central file in response to a request for the production of documents from Plaintiff, with an accompanying authentication by the custodian of medical records from

CCWF.  Based on the record before her, the Magistrate Judge concluded that the State voluntarily provided the documents to Reeves and he then selectively produced them to Plaintiff.  Accordingly, the Magistrate Judge determined that the production of documents constituted a waiver by the State of California of any claimed subpoena immunity.  Non-parties claim that a state's waiver of immunity must be explicit and unequivocal and that the purported waiver in this case was neither.  Moreover, waiver by a state official must also be authorized and neither Reeves nor the custodian of records had the authority to waive any immunity.

This issue appears most relevantly in Jett v. Penner, No. Civ S-02-2036 GEB-JFM P, 2007 WL 127790, *2 (E.D. Cal. Jan. 12, 2007).  In Jett, a California state prisoner brought a motion to compel compliance with a Rule 45 subpoena issued to the CDCR for production of plaintiff's central file.  The CDCR was not a party to the action.  The CDCR claimed that it was entitled to sovereign immunity but the Magistrate Judge held that it had waived any such immunity because "[t]he record reveals that records from plaintiff's central file have been provided to defendants during the course of this action.  The CDCR cannot provide documents from plaintiff's central file to defendants in this action and then claim sovereign immunity when plaintiff seeks documents in that file" (internal citations omitted).  Id.  The Ninth Circuit established the principle in United States v. James, 980 F.2d 1314, 1320 (9th Cir. 1992), in which it held that an Indian tribe that was otherwise entitled to immunity from the enforcement of a federal subpoena had "expressly waived its immunity to as to relevant documents . . . by voluntarily providing the Government with documents relevant to the case.  The [tribe] cannot selectively provide documents and then hide behind a claim of sovereign immunity when the defense requests different documents from the same agency."

Thus non-party sovereigns that voluntarily make documents available to one party to an action waive their claim to immunity from a federal subpoena by the opposing party seeking the

same or related documents.  The principle applies in the present case.[1]  If the CCWF produced documents to one of the defendants, then it may not claim sovereign immunity when Plaintiff seeks related documents.  The Magistrate Judge's ruling on this point was neither erroneous nor contrary to law.  Accordingly, the Non-parties' request for reconsideration on this point is denied.

**ORDER**

Based on the above memorandum opinion, the Court ORDERS that the Non-Parties' request for reconsideration by the District Court of the Magistrate Judge's ruling compelling compliance with subpoenas is DENIED.

IT IS SO ORDERED.

**Dated:   March 18, 2008**              /s/ Anthony W. Ishii
                                          UNITED STATES DISTRICT JUDGE

---

[1] Although the point was not argued by Non-parties, it should be noted that under the holding in James, this principle may be limited to "documents from the same agency." James, 980 F.2d at 1320.  The issue is moot, however, because the documents sought by the disputed subpoenas are all from CDCR.

9