IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLI THOMAS,<br><br>        **Plaintiff**,<br><br>v.<br><br>RODERICK HICKMAN, et al.,<br><br>        **Defendants.** | CV F 06-0215 AWI SMS<br><br>MEMORANDUM OPINION AND ORDER DENYING DEFENDANT LORAINE GOODWIN'S MOTION TO DISMISS AND MOTION TO STRIKE.<br><br>(Documents # 128) |

     This case comes before the Court on a motion to dismiss for failure to state a claim upon which relief may be granted and a motion to strike by Defendant Loraine Goodwin ("Defendant"). Plaintiff is Kelli Thomas ("Plaintiff"), an inmate at the Central California Women's Facility ("CCWF"). For the reasons that follow, the motions will be denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

     On February 24, 2006, Plaintiff filed a complaint in this Court. On May 4, 2006, defendants named in that complaint filed motions to dismiss. On October 6, 2006, this Court granted in part and denied in part the motions.

     On November 9, 2006, Plaintiff filed a corrected first amended complaint ("amended complaint"). Plaintiff claimed that she was unwell and was told by a physician at CCWF, on or around December 15, 2000, that she needed to undergo a cystectomy and have a cone biopsy of

her cervix taken.  Plaintiff claimed that she made clear that she wished to have children in the future and was assured by the physician that the planned procedure would not affect her reproductive capacity.  However, on or about April 5, 2001, Plaintiff claims a team of medical professionals operated on Plaintiff and removed her ovaries, thereby sterilizing her permanently. Plaintiff's complaint brings ten causes of action stemming from her alleged mistreatment against five physicians and the hospital where she was treated.

The amended complaint names Dr. Sampath Suryadevara, Dr. Shelly Kruse, Dr. Ernest Reeves, Dr. Loraine Goodwin, Dr. Charles Ugwu-Oju and Madera Community Hospital.  The amended complaint includes the following causes of action: cruel and unusual punishment in violation of the United States and California Constitutions against each of the physicians; federal and state due process violations against Dr. Ugwu-Oju; professional negligence against each of the physicians; failure to obtain informed consent against Dr. Ugwu-Oju; civil battery against Dr. Ugwu-Oju; intentional infliction of emotional distress against all defendants; intentional deceit/fraud against Dr. Ugwu-Oju, Dr. Reeves, Dr. Goodwin and Dr. Kruse; and negligent misrepresentation against each of the physicians.

On November 28, 2006, defendants Suryadevara, Kruse, Reeves and Goodwin (the "CDC Defendants") filed a motion to dismiss the amended complaint or alternatively for a more definite statement.  On February 9, 2007, this Court denied the CDC Defendants' motions. Accordingly, each of the CDC Defendants, including Defendant Goodwin, filed an individual answer to the amended complaint on March 1, 2007 through counsel, Helene Swanson of the California Office of the Attorney General.

On January 11, 2008, Defendant Goodwin filed the instant motion to dismiss and motion to strike as an "Attorney in Pro Per" and without the knowledge or consent of her counsel, Ms. Swanson.  In fact, Ms. Swanson was only notified of Defendant's intent to proceed pro per and file the new motions after the fact and through the automated electronic notification by the court's Case Management / Electronic Case Files ("CM/ECF") system.  After the filing, Ms.

Swanson made numerous unsuccessful attempts to contact Defendant, and subsequently received permission from the Magistrate Judge to withdraw as Defendant's counsel on March 17, 2008. See Doc. 138.

As written, Defendant's present motions actually address Plaintiff's original complaint, filed in February 2006 (Doc. 1), as opposed to the operative amended complaint, filed on November 9, 2006 (Doc. 40) but will be construed to address the amended complaint. This Court issued an order on April 15, 2008 setting the briefing schedule for oppositions to the motions. On April 28, 2008, the remaining CDC Defendants represented by the California Attorney General—defendants Suryadevara, Kruse and Reeves—filed a statement of non-opposition to the motions. On May 7, 2008, Plaintiff filed an opposition. On May 19, 2008, Defendant filed a reply brief to Plaintiff's opposition, which she tailored to address Plaintiff's amended and operative complaint.

## DISCUSSION

### A. Motion to Dismiss for Failure to State a Claim

#### 1. Timing Provision of Rule 12

Under Federal Rule of Civil Procedure 12(b), if a party decides to raise any one of the defenses permitted by Rule 12(b), it "shall be made before pleading if a further pleading is permitted." Fed. R. Civ. P. 12(b). That is, if a defendant decides to assert a Rule 12(b) defense by motion, then she must do so before filing the answer. In this case, Defendant brings a motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6), over ten months after her answer was filed on March 1, 2007. A strict interpretation of the timing provision of Rule 12 requires that the Court must deny any Rule 12(b) motion made after a responsive pleading has been filed as untimely. 5 Wright & Miller, Federal Practice and Procedure § 1361 (3d ed. 2004).

In some cases, however, federal courts have allowed untimely motions. For example, if the defense was previously included in the answer, the motion may become tantamount to a

preliminary hearing under Rule 12(d).  See Fed. R. Civ. P. 12(d); 5 Wright & Miller § 1361, *supra*.  Moreover, Rule 12(h)(2) expressly provides that a defense of failure to state a claim upon which relief can be granted "may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits." Fed. R. Civ. P. 12(h)(2).  Therefore, while a court is warranted in denying a motion to dismiss for failure to state a claim when it was not interposed before the answer, it is in the court's discretion to construe the motion as a motion for judgment on the pleadings rather than a motion to dismiss and consider it prior to trial.  See Albachten v. Corbett, 156 F.Supp. 863, 864 (9th Cir. 1957).

Here, the Court finds Defendant's motion to dismiss untimely and denies it as such.  In addition to being considerably untimely, however, Defendant's motion to dismiss has already been decided by this Court.

## 2. Law of the Case Doctrine

As mentioned above, Defendant previously filed a Rule 12(b)(6) motion to dismiss the amended operative complaint on November 28, 2006.  Under Ninth Circuit law, this brings the present motion under the purview of the "law of the case doctrine." "Under the law of the case doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case." Richardson v. United States, 841 F.2d 993, 996 (9th Cir. 1988) (internal citations omitted).  "For the law of the case doctrine to apply, the issue in question must have been decided explicitly or by necessary implication in the previous disposition." Hydrick v. Hunter, 500 F.3d 978, 986 (9th Cir. 2007) (internal citations omitted).

In this case, the Court previously considered and decided precisely the same issues raised in Defendant's instant motion.  The motion filed on Defendant's behalf on November 28, 2006 argued that Plaintiff's first, third, eighth, ninth and tenth causes of action against Defendant

4

should be dismissed for failure to state a claim upon which relief can be granted.[1]  Each of Defendant's arguments was addressed in detail and rejected by this Court.[2]  Nonetheless, Defendant now re-raises the same issues.

      Even under the law of the case doctrine, courts have discretion to reconsider a previous ruling where "(1) the first decision was clearly erroneous; (2) an intervening change in the law has occurred; (3) the evidence on remand is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result."  United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (internal citations omitted).  However, Defendant fails to show sufficient cause as to why the Court should disregard the doctrine here.  Defendant argues that the law of the case doctrine should not apply because the previous motion was brought by another attorney.  Defendant states in her reply brief:

> "The Court has since withdrawn that attorney from defendant Goodwin's case for cause, and the case is now being submitted for the first time by a new attorney.  The reason for the court's removal of the first attorney for defendant Goodwin [sic] related to the adequacy of the prior attorney's Motion to Dismiss."

Defendant's claim is patently false.  The Court did not remove Defendant's previous attorney for any failing on her part; quite the opposite, Ms. Swanson sought permission from the court to withdraw as counsel due to *Defendant's* behavior.  On March 17, 2008, the Magistrate Judge issued an order permitting Ms. Swanson to withdraw and acknowledging that:

> "Swanson has demonstrated that Defendant has refused to return telephone calls and has purported to file her own motion to dismiss without counsel's knowledge or consent; further, Defendant has failed to communicate or cooperate.  Swanson has established a breakdown in the attorney-client relationship and that continued employment has been rendered unreasonably difficult; thus, grounds for withdrawal exist."

Doc. 138.  The law of the case doctrine exists so that, for important policy reasons, parties in

---

[1] The second, fourth, sixth and seventh causes of action in Plaintiff's amended complaint do not name Defendant and therefore Defendant's motion to dismiss those claims is denied as moot.  The sole cause of action not addressed by the previous motion to dismiss—the fifth cause of action for professional negligence—which did name Defendant, will be addressed below.

[2] It is not necessary to recount the analysis here because each denial was discussed in detail in an order issued by this Court on February 9, 2007.  Doc. 57

5

such situations are not allowed "a second bite at the apple." Accordingly, Defendant's motion to dismiss Plaintiff's first, third, eighth, ninth and tenth causes of action against Defendant is denied.

### 3.    Sole Remaining Cause of Action — Professional Negligence

The only new issue raised by Defendant is the attempt to dismiss Plaintiff's fifth cause of action against Defendant for professional negligence. Defendant's previous motion to dismiss, through counsel, only sought to dismiss that cause of action as against Defendant Suryadevara. Therefore the law of the case doctrine does not apply to that claim. As explained above, Defendant's claim to dismiss Plaintiff's fifth cause of action is denied as untimely, but in the interest of preempting further argument on this issue, the Court shall also deny the motion on the merits.

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This rule provides for dismissal of a claim if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Thus, the determinative question is whether there is any set of "facts that could be proved consistent with the allegations of the complaint" that would entitle a plaintiff to some relief. Swierkiewicz v. Sorema N.A., 534 U.S. 506 , 514 (2002). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Newman v. Sathyavaglswaran, 287 F.3d 786, 788 (9th Cir. 2002); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999). The court must also

assume that general allegations embrace the necessary, specific facts to support the claim. Smith v. Pacific Prop. and Dev. Corp., 358 F.3d 1097, 1106 (9th Cir. 2004); Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994). But, the court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Courts will not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Warren, 328 F.3d at 1139; Western Mining Council, 643 F.2d at 624. Furthermore, courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

      The fifth cause of action alleges professional negligence against Defendant Goodwin, as well as against Defendant Ugwu-Oju, the remaining CDC Defendants and Defendant Madera Community Hospital. Defendant Goodwin now requests that the Court dismiss the claim for failure to "properly plead a cause for professional negligence."

      The elements a plaintiff must prove for a negligence action based on medical malpractice are: "(1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence." Johnson v. Superior Court, 143 Cal.App.4th 297, 305 (Ct. App. 2006); Hanson v. Grode, 76 Cal.App.4th 601, 606 (Ct. App. 1999). Concerning negligence, California law provides:

> A physician, performing professional services for a patient, owes the patient the following duties of care:
> 1.   The duty to have that degree of learning and skill ordinarily possessed by reputable physicians, practicing in the same or a similar locality and under similar circumstances;
> 2.   The duty to use the care and skill ordinarily exercised in like cases

7

|   |   |
|---|---|
| | by reputable members of the profession practicing in the same or a similar locality under similar circumstances; and |
| 3. | The duty to use reasonable diligence and [his] [her] best judgment in the exercise of skill and the application of learning. |

A failure to perform any one of these duties is negligence.

Cal. Jury Instr.—Civ. 6.00.1; see also Keen v. Prisinzano, 23 Cal.App.3d 275, 279 (Ct. App. 1972).

Defendant contends the negligence claim should be dismissed because Defendant "was not involved in any of the medical care rendered by the Gynecology Department . . . ." Defendant's duty was purportedly only "to refer" Plaintiff to the Gynecology Department.

The Court finds that the amended complaint states a claim against Defendant based on a theory that Defendant owed Plaintiff a duty. As Plaintiff points out in her opposition brief, the amended complaint alleges that Defendant *was* involved in the wrongdoing. The amended complaint alleges that, as a physician employed by CCWF to treat inmates, Defendant owed Plaintiff a duty to provide adequate medical care. Based on Plaintiff's allegations that Defendant had access to her medical records, which reflected the fact that Plaintiff's ovaries had been removed, the Court must take the inference as true that Defendant knew of Plaintiff's condition. Further, the amended complaint alleges that Defendant failed to inform Plaintiff that her ovaries had been removed and subsequently failed to treat Plaintiff for the removal of her ovaries, her post-surgical menopausal symptoms, her anxiety and her rapid weight loss. Finally, Plaintiff alleged specific damages that she suffered as a result of Defendant's actions.

Defendant also argues that Plaintiff's fifth cause of action is "generally pleaded" and thus "fails to meet the pleading standard and fair notice requirements for professional negligence." However, pursuant to Federal Rule of Civil Procedure 9(b), only allegations of fraud or mistake are subject to heightened requirements of specificity. A claim for professional negligence falls under the general rules of pleading of Federal Rule of Civil Procedure 8 and need not be stated with particularity.

Thus, Defendant's motion to dismiss the fifth cause of action for professional negligence

against Defendant is denied.

### B. Motion to Strike

Defendant also brings a motion to strike Plaintiff's purported claim for punitive damages. As Plaintiff points out, the amended complaint does not request punitive damages. Therefore, Defendant's motion to strike is denied as moot.

### ORDER

Based on the above memorandum opinion, the Court ORDERS that:

1. Defendant's motion to dismiss is DENIED; and
2. Defendant's motion to strike is DENIED.

IT IS SO ORDERED.

**Dated:   May 27, 2008**              /s/ Anthony W. Ishii
                                       UNITED STATES DISTRICT JUDGE