William M. White #152204
Sherrie M. Flynn #240215

**BAKER, MANOCK & JENSEN**
A PROFESSIONAL CORPORATION
FIG GARDEN FINANCIAL CENTER
5260 NORTH PALM AVENUE, FOURTH FLOOR
FRESNO, CALIFORNIA 93704-2209
Telephone (559) 432-5400
Telecopier (559) 432-5620

Attorneys for Defendant CHARLES UGWU-OJU, M.D.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| KELLI THOMAS,<br><br>    Plaintiff,<br><br> v.<br><br>SAMPATH SURYADEVARA, M.D.;<br>SHELLY KRUSE, M.D.; ERNEST REEVES,<br>M.D.; LORAINE GOODWIN, M.D.;<br>CHARLES UGWU-OJU, M.D.; MADERA<br>COMMUNITY HOSPITAL, a California<br>Corporation,<br>    Defendants. | Case No. 1:06-CV-00215-OWW<br><br>**ORDER ON DEFENDANT CHARLES UGWU-OJU, M.D.'S MOTIONS IN LIMINE NOS. 1 THROUGH 11**<br><br>ACTION FILED: February 24, 2006<br>TRIAL DATE:  September 1, 2009 |

  On August 17, 2009, the matter of Defendant Charles Ugwu-Oju, M.D.'s ("Defendant") Motions in Limine Nos. 1 through 11 came on for hearing in Department 3 of the above-entitled court. Jennifer B. MikoLevine of the law firm of Bingham McCutchen LLP appeared on behalf of Plaintiff Kelli Thomas ("Plaintiff"). William M. White and Sherrie M. Flynn of the law firm of Baker Manock & Jensen, PC appeared on behalf of Defendant.

  After full consideration of the written and oral submissions of the parties

  **IT IS HEREBY ORDERED** that

  1. Defendant's Motion in Limine No. 1 to Preclude Reference to Insurance is **GRANTED** and Plaintiff is prohibited from introducing testimony, documents, or other

evidentiary materials that make reference to or would suggest that Defendant has medical malpractice insurance or that Defendant's witnesses have been hired or contacted by her insurance company.  Plaintiff's counsel shall instruct Plaintiff's witnesses accordingly.

2. Defendant's Motion in Limine No. 2 to Preclude Any Reference During Trial to the $250,000.00 Limit on Non-Economic Damages is **GRANTED** and Plaintiff is prohibited from introducing at trial testimony, documents, or other evidentiary materials that make reference to, or would suggest, that California Civil Code section 3333.2, subdivision (b) provides that in any action for injury against a health care provider based on professional negligence, the injured plaintiff shall not be entitled to recover non-economic damages in excess of $250,000.00.  Plaintiff's counsel shall instruct Plaintiff's witnesses accordingly;

3. Defendant's Motion in Limine No. 3 to Preclude Reference to Any Other Medical Malpractice Action is **GRANTED**, without prejudice.  Unless and until such time that Plaintiff is able to show some permissible basis for allowing such reference, Plaintiff is prohibited from introducing testimony or other evidence regarding prior or current medical malpractice cases involving Defendant.  Plaintiff's counsel shall instruct Plaintiff's witnesses accordingly;

4. Defendant's Motion in Limine No. 4 to Preclude Evidence of Reputation or Specific Past Instances of Conduct is **GRANTED** and Plaintiff is prohibited from introducing testimony or offering other evidence relating to the Defendant's reputation and/or specific instances of prior conduct involving third parties.  Plaintiff's counsel shall instruct Plaintiff's witnesses accordingly;

5. Defendant's Motion in Limine No. 5 to Preclude Reference During Trial to Personal Preferences of Treatment of Expert Medical Witnesses is **GRANTED** and Plaintiff is prohibited from introducing testimony or other evidence regarding individual personal preferences for care and treatment of designated experts that could have been used in the care and treatment of Plaintiff.  Plaintiff's counsel shall instruct Plaintiff's witnesses accordingly;

      6.      Defendant's Motion in Limine No. 6 to Exclude Expert Opinions and Conclusions Not Included in an Expert Report or Deposition is **GRANTED** and Plaintiff and her experts are precluded from mentioning or conveying to the jury any expert opinions and conclusions not previously testified to in an expert report or in a deposition, excepting that Plaintiff's expert, Dr. Anne Foster-Rosales may testify to the opinions disclosed in her declaration submitted in support of Plaintiff's opposition to Defendant's motion for summary judgment.  Plaintiff's counsel shall instruct Plaintiff's witnesses accordingly;

      7.      Defendant's Motion in Limine No. 7 to Preclude Plaintiff's Claim as an Abused Spouse is **GRANTED** and Plaintiff and Plaintiff's attorney are precluded from claiming, or depicting the Plaintiff as being an abused spouse.  Further, Defendant may question Plaintiff regarding the fact that she was incarcerated on a felony conviction, only as to court, date of conviction, and crime, but is precluded from offering evidence or questioning Plaintiff regarding the specific crime Plaintiff committed or the details thereof; Plaintiff's counsel and Defendant's counsel shall instruct their witnesses accordingly;

      8.      Defendant's Motion in Limine No. 8 to Exclude Hearsay Statements by Kathy Hill is **DENIED** to the extent that Plaintiff may offer the hearsay statements for the limited purposes of showing knowledge and/or notice or bias, but may not offer the statements for the truth of the matter asserted;

      9.      Defendant's Motion in Limine No. 9 to Preclude Non-Disclosed Witnesses From Testifying at Trial and to Preclude Reliance on Any Documents or Hearsay Opinions From Such Witnesses is **GRANTED** and Plaintiff is prohibited from introducing at trial witnesses that have not been disclosed to Defendant during pre-trial discovery.  Plaintiff's counsel shall instruct their witnesses accordingly;

      10.      Defendant's Motion in Limine No. 10 to Preclude Damage Claims Plaintiff Cannot Causally Support With Expert Testimony is **GRANTED** and Plaintiff may only testify about things observable to and within a layperson's knowledge, such as her own sensations related to the surgery, but may not opine on the cause of her alleged injuries.

Plaintiff's counsel shall instruct their witnesses accordingly;

11. Defendant's Motoin in Limine No. 11 to Preclude Evidence Related to Plaintiff's Claims or Contentions That Defendant Caused Plaintiff Injury or Damage by Prescribing Premarin is **GRANTED** and Plaintiff may not offer evidence or make reference to Premarin as bearing on the standard of care or causation.  However, parties may introduce Defendant's prescription of Premarin for other purposes, including but not limited to demonstrating Defendant's knowledge of Plaintiff's post-surgery menopausal condition.  Plaintiff's counsel shall instruct Plaintiff's witnesses accordingly; and

12. Defendant's Objections to Plaintiff's Rule 26(a)(3) Pretrial Disclosures are **SUSTAINED** and Plaintiff may not offer deposition testimony set forth in Plaintiff's Rule 26(a)(3) Pretrial Disclosures as evidence at trial except for the limited purposes of contradiction or impeachment of witnesses, unless and until Plaintiff makes a showing of unavailability of the witness or some other permitted use of such testimony at trial pursuant to the Federal Rules of Civil Procedure and Ev;idence and, if and when Plaintiff makes such showing, Defendant may introduce other parts of the deposition testimony of Sampath Suryadevara, M.D. in rebuttal, as designated by Defendant on or before August 18, 2009.

IT IS SO ORDERED.

**Dated:   August 29, 2009**              /s/ Oliver W. Wanger
                                                   UNITED STATES DISTRICT JUDGE